be with us. We will call the first case, Amanda Sue Smith v. United States of America. May it please the court, my name is Louis Robio and I represent the Appellant Amanda Sue Smith. I ask that I could reserve five minutes for rebuttal. Does the court desire a recitation of the facts? We allow you to argue as you wish but you should assume that we will have read the briefs. Yes, I do assume that, Your Honor. Okay, Your Honor, this case is before this court as a matter of first impression, as the Appellant sees it. No case has ever come before this court with the egregious facts as the one that we had before us, with the total abuse of power by the United States government and several of its employees. That's a pretty strong statement. We've seen some cases. I believe it's accurate, Your Honor. The U.S. employees, among other acts, committed with a negligence in the recruitment and use of a C.I. named Manny Chopaev who worked with the FBI from 1998 up until the time that he was arrested again for suspicion of murder. The court, we're appealing from the court decision basically in which it states that we did not establish the fact that there was a personal relationship or a duty for the government. Excuse me, I've got a little cough in me. May I stop a second, please? Sure, take all the time you need. I don't know why. Do you need some water? No, probably should, but I just got over pneumonia, Your Honor. I'm sorry. It's one of those. Take your time. Pardon? Take your time. I am taking my time. I will take my time. Thank you. Okay, basically what happened, the court found that the plaintiff did not establish a duty in the United States government to protect her from the criminal acts or tortious acts of a third party, their own C.I. The court also found, the district court also found, that there is no status for the plaintiff for allegations of economic damages. I'd like to make it quite clear at this point that that seems to be a misstatement here by both the defendant and the court because if you look at the allegations in the complaint, it's pretty clear that in allegate complaints 14, 16, 71, 73, 77, and 84, the plaintiff has made allegations and requested damages for other than economic damages. It's pretty clear that it's there, so I don't know where the court came up with the fact that that's what occurred because that's not what occurred. Well, as I understand the district court's order, the key here is while you're here under the Federal Tort Claims Act, you, to begin with, have to find some sort of a state law claim. Right, Your Honor. And state law for you to be able to prevail on a case like this where the FBI didn't do anything to you, but you're saying that they're responsible for what somebody else did to you. Yes, Your Honor. That you have to show a special relationship, and the district court indicated that under Georgia law, it could find no case that would extend the notion of a special relationship to the facts of this case. That's exactly what the court found. I believe the court's in error. Why? For the simple reason that the cases cited by the court, there's one Supreme Court case from Georgia, that Bradley Center v. Westman, and in that case in 1982, the court did find general law in Georgia is that there was no responsibility for the acts of a third party. Agreed. However, there was a special exception determined by that court at that time under Section 315A of the Restatement Second of which they accepted the reasoning in that court saying, however, there can be special circumstances or special relationships where the duty will attach and where the liability will attach. We're arguing here, Your Honor, that that duty didn't, in fact, attach. That because that case, the Bradley case. You have to be able to have control over the person. I disagree, Your Honor. I think what happens is as though that case talked about control, it was a case that had totally different circumstances. And as we have argued in our brief and in our motion to certify, the question is, that is not precedent under Georgia law. How can you disagree with that, though? I mean, the cases talk about control and the extent of the control. The Trammell case and the Grisdalva case emphasize the aspect of control as a basis for the special relationship. And the only two times that it's been found to be a valid exception had to do with people, as I understand it, you can correct me if I'm wrong, had to do with people who were in institutions, one a mental institution and the other in a nursing home. Yeah, that was a Baldwin case was a nursing home. Yeah. So is there any other case? There's no other case. And that's the reason because nothing like this has ever been presented to this court or to the Georgia court. When you have a situation where the third person was put in the position and then knew that this person had a propensity and it was foreseeable that he, in this case, he, Manny Tropea, the confidential informant, had a huge and long criminal history that he was more than likely, it was totally foreseeable that he would engage in this type of conduct. There is nothing here. That cannot be precedent. The law within the state of Georgia itself specifically states, and I cite the cases of Norris and Thomas City Board of Tax Assessors, where unless the facts are those cases aren't good. But what's your best case? What case do you have in support of your position? You don't like this case in the First Circuit. You're in the First Circuit. Correct. We need a Georgia case. Well, we don't have a Georgia case that's even approached this. That's why we don't have a case. It's never going there. That's why we filed a motion to certify, because we're in a position right now where this case should go to the Georgia Supreme Court for clarification. They are the final arbiter of the laws of Georgia, not the federal courts. And with no disrespect to the court, but this is why you have, and you have in the past many times, certified cases to the state courts for clarification where there's unsettled law. We argue that this case is unsettled because it's never been heard before. When you don't have substantially the same facts, how can you apply case law that there's no way that it could even look to this case law? It just doesn't make any sense, Your Honor. Well, it sounds like you would agree that we have to certify the case. In other words, we can't create a duty out of whole cloth that the Georgia courts haven't found, right? I don't think you can create out of whole cloth. But what I'm saying is when you look at what you have, certification is probably the best answer. Obviously, I'm going to argue that the alternative answer would be, yes, that this case does satisfy the control issues and those that they are. But from what I'm hearing for the court, that's not there because the court is accepting fully that you have to have this absolute control. First Circuit handled this thing. We didn't take that out of thin air. You essentially don't like the Georgia standards there. They're not going to address every fact that could come up. But that's the standard. And you essentially just disliked the standard that was articulated. I don't know if I dislike or disagree with the standard. But I think what it is, is I believe, Your Honor, they have a standard there that's 32 years old, too. And I think it's 34 years old. It's time to look at something because the restatement second that the court relied on in the Bradley case is now embodied in restatement third, section 41A, which basically says control is not the issue in the commentaries. Foreseeability is the issue, just like they found in the First Circuit. Let me ask you this. I mean, essentially, what your argument is, is that whenever an agency, a federal agency, has a confidential informant who goes awry, and arguably there could be some negligence by the agency in not supervising adequately, that every one of those cases is now a case where under the federal court plan. Absolutely not. That's not what I'm arguing at all. What I'm saying in cases under the circumstances and facts of this case have to be looked at. All the other CIs, they might have followed their DOJ policies and procedures. They didn't do it here. They didn't even come close to doing it in the recruitment, use, and supervision of this, of their own agents and of this CI. But failure to follow a federal policy does not give rise necessarily to a state law. It can, Your Honor, where the challenge conduct is something where they did not have a discretionary option. There's no discretion in following the policies. They're mandatory. They specifically say it in the introduction to the policies. It's right there, the preamble. It basically says these are mandatory. Where would you have... Does it matter at all that your client, this is not a situation where you have an absolutely innocent victim who a confidential informant did something to. Your client got involved in a very questionable situation where she agreed to let this person she barely knew use her name to get loans in return for payment of money and payment of additional money after each month. That transaction on its surface looks quite questionable and most people would think whether he's a confidential informant or not, it doesn't look like a good thing to get into. It may, Your Honor, but let's have that at trial because I think once we go to trial we can find out a lot of other things that we haven't been able to, or through discovery, that we haven't been able to get to. I think there's a lot more facts here that we don't even know about, including the fact that Nante Jackson was never prosecuted for anything, CI was never prosecuted for anything, any of the crimes that they committed. I think we have a person here that was taken advantage of by someone because we're looking at the Client wasn't prosecuted for any sort of fraud, was she, in terms of letting, essentially there was some fraudulent, she wasn't prosecuted or investigated. Never charged with fraud, never prosecuted, never raised. And that's where we are in that situation, Your Honor. I'm basically saying that we have a situation here that is unique. First impression. And I think the certification is the first answer. The second is that we have established, as they did in the Davis case, that the control is not absolutely necessary. And I know the Davis case well, because I was involved in it. And the Davis case involved physical injury, murder, right? And Your Honor, some of the other cases involved taking over someone's business. They went after a lease, they threatened them, they threw them out of their business. I mean, I shouldn't be testing by a bubble fraction, I mean, in other cases, but it's just that I am- That's what the Davis case was about. Yes. The one you voted for. No, Davis was the murder of a girlfriend of one of the FBI informants. Let me ask you a question before you sit down about, you said that the policies are mandatory. Yes. But when I look at them, I see a series of factors to be considered. What mandatory policy was violated here that would create, essentially, a tort duty? The recruitment, the use, and the subpoena- Well, the use lists a bunch of factors to be considered. That looks discretionary to me. Well, possibly, but not in the recruitment. Because there was a judgment of a court that wasn't adhered to at all. Okay, but can you point to me a section? I can, if I- A phrase. Maybe you can do that on rebuttal. I'll do it on rebuttal, Your Honor. Thank you. I think I'm over. Thank you. May it please the Court. My name is Gabriel Mendel. I represent the United States of America in Appalachia. In this case, as the Court has noted, this case is governed by the bedrock legal principle that there is no duty to stop third persons from causing harm to others. And in an FTCA case, the plaintiff has to establish that under the applicable state law, a private party under like circumstances would be subject to liability. As the district court properly found here, plaintiff failed to allege any legal duty owed to her by the United States, and therefore failed to state the necessary first element of a claim for negligence. The plaintiff's contrary theories essentially asked the Court to set aside 35 years of Georgia precedent, including cases applied by this Court. Counsel for plaintiff has suggested that this is somehow a case of first impression, yet he and I were here five months ago arguing the case of Frazier v. United States, which arose from the exact same factual scenario, the same FBI relationship with the same confidential informant. And as a panel of this Court easily found, the materially identical fact in that case failed to establish sufficient allegations to show the requisite kind of control that was contemplated under the Bradley Center test. Judge Antonin, as you pointed out, this term control arises over and over again, not just in the Georgia cases, but in the cases in the northern and central district applying this law, this Court's decision in Frazier, and this Court's decision back in Douglas Asphalt v. Core from 2011. And it's a very particularized kind of control. It's the legal authority to exercise physical custodial restraint. And there's really, there's only the two cases that the Court has already noted. There's the mental health patient in Bradley Center, there's the nursing home resident, and that's it. In 35 years, this Court, the district courts in the northern and middle district of Georgia, and the Court of Appeals of Georgia, in numerous cases, in a wide range of factual scenarios, has found that there is no such duty. And I'd like to quickly address three examples that I think are illustrative of why this Court was correct in Frazier and why the district court below in this case got it right. The first is Landis County, which involved a police officer who was approached by a visibly drunk driver. And instead of detaining her or taking her off the road, as it was agreed he had the authority to do, he allowed her to continue on her way. She was involved in a traffic accident and killed the plaintiff's husband. And what the court there noted is that although the police officer had the authority to arrest, he did not have the duty to arrest. That's different because the police officer had absolutely no relationship with the drunk driver. It's certainly different factually, but not for legal purposes, because what he lacked was that physical custodial control, which is the same absence that the district court noted in this case. No question, there's a longer relationship in this case. And it was, if you take the plaintiff's allegations as true as we must, it involved frequent contact, the exchange of money, gifts. It was longstanding. And frankly, if you take plaintiff's allegations as true, it was questionable and inappropriate. But none of those things are relevant to the dispositive question of control, that physical custodial control on the legal authority. If you look at Trammell v. Bradbury, this is a case involving the relationship between a father and his adult son living at home, a son who shot a police officer as he was being taken into custody. And what the police officer, as the plaintiff alleged, was that the father had control over his son because he had the ability to control his housing, his employment, his income, and he could have used that influence to force his son to hand over his guns, to surrender those firearms. And what the Trammell court found is that, no, this is not the kind of control that's required. And importantly, what it noted is that the criteria are analogous to that Bradley Center situation where you have a physician and a mental health patient. So even in context for MOVE, it has to be that same kind of control. I disagree. I'll have a case, the one that really is in sharp contrast, though, with regard to control, because there you had a military officer who was in command of enlisted people and didn't have any experience in the military. You know that that control can be pretty complete. Yes, Your Honor. And I do, as a matter of fact. And yes, however, what the court noted is, yes, this is an officer who has military authority. He can issue lawful orders. He has command and control over this airman. But nevertheless, it's, quote, not the kind of control. And I think that's important to note. Plaintiff's effort to allege control essentially uses the word control in its most colloquial sense as influence or persuasion rather than the specific legal definition that is at issue in this context. And I think the Trammell court does a nice job of articulating some of the policy reasons behind this, because anything other than that bright line rule creates tremendous uncertainty and exposes to potential tort liability, endless arrays of folks in relationships, parents over their adult children, spouses, significant others, law professors and their students, you know, even judges and their law clerks, potentially. And that is not what Georgia wants. And that's not what Georgia has articulated in 35 years. Now, Mr. Mr. Robio points out it's been a long time since that decision came out. And that's true. But the passage of time in no way diminishes the controlling nature of that precedent. And the fact that the Georgia Court of Appeals has applied that numerous times and the Georgia Supreme Court has felt no need to revisit the issue makes clear that that is good law and it remains controlling here. Certification was discussed. We think certification is neither necessary nor frankly proper. As this court in Frazier five months ago held, there's no real question of Georgia law that's in substantial doubt. And without any substantial doubt as to the question of Georgia law, there's no reason to certify. It is a routine, routine for federal courts, particularly in Federal Tort Claims Act cases, to be applying state law to new facts. If the if the simple issue that the facts of this case are new, merited certification will virtually every FDCA case would require certification at the Supreme Court and basically be an abdication of the federal court's job of applying law to facts. I would also point out plaintiff relies heavily on both a line of cases from the First Circuit and then the restatement of torts. Of course, these cases are not relevant for the simple reason that they're applying the wrong law. Massachusetts cases, the First Circuit cases, properly applied Massachusetts law as the FDCA required them to do. Our district court and this court need to apply the Georgia law that we've articulated in our brief. Would this case survive in Massachusetts? No, Your Honor. And the same is true of the restatements. While it is appealing to discuss the restatements, it is the responsibility of the Georgia courts to apply those restatements to the extent and in the way that it sees fit. And that's what it did in Bradley Center. That's what it's done in the cases since. And if they decide to revisit it, that is that is their right to do so. And there's no need for this court to ask them to do so in this case. Simply put, it's not a case of first impression. If the Frazier decision five months ago had been published, it would be controlling today. It wasn't. But it still remains instructive and persuasive as to the issues before the court. And for those reasons and those articulated in Apley's brief, unless the court has any further questions, we'd simply ask that you affirm the district court's decision. Thank you. May I? Sure. My apologies to the court. But was Your Honor, it's Judge Pryor. It's in Exhibits 3 and 6. I, for some reason, they're not attached to my complaint that I brought with me today. I apologize to the court. But they are specifically in there. And they're specifically within the recruitment. For example, it says in Judge Cooper's order, Judge Cooper, Northern District of Georgia's order. Is it part of the record? You say it was not attached to the complaint? To my complaint when I brought with me. Oh, but it was attached in the record. Oh, absolutely. Absolutely. It was attached in the first amended complaint and then referenced in the second. So, Exhibit 3, FBI informant guidelines, is that what you're referring to? That's it. That's correct, yes. And then... They're pretty specific. And also, there was a court order. Judge Cooper had ordered in the Northern District of Georgia that he not be used as a CI without the approval of the court. Nothing established that he was ever used, got permission, ever obtained permission. But that doesn't establish a tort duty, does it? Well, I think it's negligence if you don't inquire as to whether or not this CI is capable of serving in that capacity based on their own policies. Yes, I do believe it's negligence. And I think that's the basis of the negligence here. Was there a contempt hearing by Judge Cooper to hold anyone in contempt for disobedience of that order? No one ever filed. I didn't handle the criminal side of the case, Your Honor. Essentially, your argument is that, again, FBI has an informant. They don't follow their guidelines some way in handling an informant. Something goes awry with a third party. You think you're in court on a Georgia negligence claim? Not all cases of CIs. Which case wouldn't be in court, then? Well, there's a CI that was properly recruited and used. Yes, CIs make mistakes and do things all the time. I'm saying you can come up with any example of a violation of the FBI guidelines that you say wouldn't get you into court on a negligence action. Wouldn't get me into court on a negligence action? Sure, I can come up with it. And I don't have a case, but I can come up with an example. I think the example is pretty clear, for me anyway, is that the CI goes out, does its job, gets the information, wears a wire, does whatever they want to do, and come back and does their job. Not goes out and commits crimes and does other things that they do, unless they're authorized crimes, which can be authorized under DOJ policies. These were not authorized crimes. There's nothing to even indicate that these were authorized. We all know that they can authorize them. They authorized, what, 15,000 in the last year? So I don't know, whatever that may be, I think that's the situation. Yes, Judge? So are you arguing that the violation of policy equals control under Georgia law? I'm not clear on the connection between the policy violation. No, no. What I'm saying, the violation of policy is the negligence. The control under Georgia law, I believe, has to be revisited, because when they followed Bradley, as I said earlier, Bradley was Section 315A of the restatement. The court took that. The court also took case law from so many other jurisdictions. So to say that we shouldn't look at other jurisdictions makes absolutely no sense to me. But I'm just saying that at this situation, the government argues that. I see how, I don't see how that's a valid argument. But what I'm saying is that if you look at what the court has, and we have the policies here, and in the Irwin case, he was talking about Massachusetts law, the Irwin case was cited by the dissent in another case the government referenced just now, which was Landers. In that dissent, two judges of the Georgia Applied Court believe that it's foreseeability, not control. My argument is, after all these years, and the change in the restatement, and how the control issue is now handled, over the last 32 years, the Georgia court should be given an opportunity to look at this case, and to decide for itself and for its residents, not have the federal court decide for its residents, what the law should be in that state. And I think that's the opportunity that this court has. I think it's a great opportunity to allow the Georgia court, the Supreme Court, which I must add, one of the Georgia Supreme Court justices was involved in this case. Well, typically, typically, we are not supposed to certify cases unless the question is case dispositive. This question is not case dispositive, because even if you win on the question of whether there's a state law claim, then we again go to the discretionary exception of the Federal Tort Claims Act. I don't believe it finds. I don't think the discretionary, that would be at the lower court. But I believe at the lower, I don't believe the discretionary function applies. How can the discretionary function? It means it's not case dispositive. Yes, I know that. Because even if you should win with the state Supreme Court of Georgia saying, yes, we think this is a special relationship, we then, you still, it's not clear at all that you would win because the discretionary exception would then arise. Well, it could arise, but I don't think it's a valid, it's not a valid claim by the government because there was no rightful option to violate those policies. It's just not there. The case law is pretty clear that if there's an option, okay, if there's a choice, undercover, here's how you handle it this way, that's fine. But if it's not that at all, it's just, you have to do this to use, for a CI to recruit a CI, you have to follow this. That's mandatory. So there's no discretion, there's no discretion, so I can have a discretionary function. 2680 just will not apply. Thank you. I think we have your argument. We appreciate it. Thank you, Your Honor. Judges, thank you.